# Lipman *v.* Delaware River Ferry Company, Appellant.

*Negligence—Carrier—Ferry boat—Jolt in making landing—Injury to passenger—Contributory negligence—Leaving seat—Question for the jury.*

Evidence that a passenger standing on a ferry boat was injured by being thrown to the deck from the boat coming in collision with the slip in making the landing, justifies the submission of the question to the jury of the negligence of the defendant and the contributory negligence of the plaintiff, where it appeared that in making the landing there was a slight jar which was followed by a collision with force and violence, causing the injury complained of and that the plaintiff who was about to make the landing from the boat, left her seat in the cabin, the door having been opened by the deck hands, and stepped upon the deck.

Argued Jan. 17, 1919. Appeal, No. 108, Jan. T., 1919, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1917, No. 3425, on verdict for plaintiff in the case of Henrietta Lipman v. Delaware River Ferry Company of New Jersey. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by plaintiff while a passenger on the ferry boat. Before CARR, J.

The testimony for the plaintiff was to the effect that she got on a ferry boat at Kaighn's Point, Camden, secured a seat in the ladies' cabin and remained in that seat until the boat approached Philadelphia. The outside doors of the cabin were opened and some of the people in the cabin proceeded to move forward. When the landing was attempted the pilot did not succeed in entering the slip but struck the piling, and, having backed out into the channel, made a second effort to land, in the course of which the outside end of the piling was struck,

which resulted in sufficient motion to the boat to throw the plaintiff off her balance and cause her to fall with another passenger on top of her. It was alleged that she was injured as a result of the fall.

A verdict was rendered for the plaintiff for the sum of $6,000 upon which judgment was entered.

The defendant moved for judgment non obstante veredicto and also for a new trial, both of which motions the court in banc refused.

The plaintiff filed a remittitur subsequently remitting all sums from the verdict in excess of the sum of $2,999.

*Errors assigned* were, among others, (2) refusing motion for a new trial, (3) refusing to give binding instructions for defendant, (4) dismissing defendant's motion for judgment n. o. v.

*William Clarke Mason,* for appellant.—The plaintiff failed to prove negligence on the part of defendant.

The evidence shows conclusively the contributory negligence on the part of the plaintiff: Levin v. Phila. & Reading R. R. Co., 228 Pa. 266; Jennings v. Union Traction Co., 206 Pa. 31; Patterson v. Phila. Rapid Transit Co., 218 Pa. 359; Bendon v. Union Traction Co., 26 Pa. Superior Ct. 539.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.—The question of contributory negligence was properly left to the jury.

It is not as matter of law contributory negligence for a passenger to leave a cabin and stand on the deck between the cabin and the end of the boat: 19 Cyc. 508, Note 67; Thane v. Scranton Traction Co., 191 Pa. 249; Peverly v. Boston, 136 Mass. 366.

PER CURIAM, February 17, 1919:

This case was clearly for the jury, and this is all that need be said in dismissing the third and fourth assign-

ments.   They allege error in the refusal of the court to direct a verdict for the defendant, and in the dismissal of its motion for judgment n. o. v.   Nothing appears in the brief of counsel for appellant in support of the first, and the second merely complains of the refusal to grant a new trial.

Judgment affirmed.